IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID ALLEN FARMER, | : | |
| Plaintiff, | : | Case No. 3:17-cv-292 |
| vs. | : | JUDGE WALTER H. RICE |
| HON. DENNIS J. LANGER, et al., | : | MAGISTRATE JUDGE MICHAEL J. NEWMAN |
| Defendants. | : | |

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE (DOC. #3), AND OVERRULING OBJECTIONS OF PLAINTIFF DAVID ALLEN FARMER (DOC. #4) TO SAID JUDICIAL FILING; PLAINTIFF'S COMPLAINT (DOC. #2) IS DISMISSED WITH PREJUDICE; JUDGMENT SHALL ENTER IN FAVOR OF DEFENDANTS THE HONORABLE DENNIS J. LANGER, MICHELE S.H. HENE, MARSHALL LACHMAN, STEVE ABSHIRE AND ERIC MICHENER AGAINST PLAINTIFF; TERMINATION ENTRY

On August 29, 2017, Plaintiff David Allen Farmer ("Farmer" or "Plaintiff") filed a *pro se* Complaint *in forma pauperis*, seeking money damages against the Honorable Dennis J. Langer ("Judge Langer") of the Montgomery County, Ohio, Court of Common Pleas, Michele S.H. Henne ("Henne"), Steve Abshire ("Abshire") and Eric Michener ("Michener"), all of the Montgomery County, Ohio, Prosecutor's Office, and Marshall Lachman ("Lachman"), his defense counsel when he appeared before Judge Langer (collectively "Defendants"). Doc. #2. Plaintiff alleges a conspiracy by and among Defendants

1

caused him to be unlawfully indicted on and convicted of charges of rape and gross sexual imposition, without due process of law. *Id.*, PAGEID #12. Plaintiff claims that he was indicted on October 22, 2007, and was sentenced to at least twenty years in prison on September 1, 2010. *Id.*

Pursuant to 28 U.S.C. § 1915(e)(2), Magistrate Judge Michael J. Newman conducted a *sua sponte* review of the Complaint, withholding service of the Complaint pending his review. On August 30, 2017, the Magistrate Judge issued a Report and Recommendations, finding that "all of Farmer's claims are time-barred -- regardless of whether he pursues such claims under [42 U.S.C.] § 1983 or § 1985.[1]" Doc. #3, PAGEID #16. The Magistrate Judge noted that civil rights claims brought in this Court are subject to Ohio's two-year statute of limitations for malicious prosecution and false imprisonment, and that Plaintiff's causes of action accrued no later than his date of sentencing, September 1, 2010. *Id.*, PAGEID #16-17 (citing Ohio Rev. Code § 2305.11(A); *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989)). Further, the Magistrate Judge concluded that Judge Langer and the Defendant prosecutors are immune from suit in their respective official capacities under the Eleventh Amendment and absolute immunity in their individual capacities for their performance in their roles as Judge and prosecutors. *Id.*, PAGEID #17 (citing *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 420, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976);

---

[1] While Plaintiff filed suit under 42 U.S.C. § 1985, "because there are no specific factual allegations of witness intimidation or discrimination against Farmer as a member of a protected class, the undersigned liberally construes Farmer's claims as alleging a civil conspiracy under 42 U.S.C. § 1983, not § 1985(2)." Doc. #3, PAGEID #16. Plaintiff does not dispute the Magistrate Judge's construction in his Objections. Doc. #4.

2

*Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989)). Finally, he noted that Lachman was not subject to liability under 42 U.S.C. § 1983 because, as Plaintiff's personal representative, he is not a state actor for purposes of 42 U.S.C. § 1983. *Id.*, PAGEID #18

In light of the above, the Magistrate Judge concluded that Plaintiff could not state a claim upon which relief could be granted, and recommended that it be dismissed with prejudice. Doc. #3, PAGEID #14, 18 (citing 28 U.S.C. § 1915(e)(2)(B)).

I. **LEGAL STANDARD**

"A [M]agistrate [J]udge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement. . . . The [M]agistrate [J]udge must enter a recommended disposition[.]" Fed. R. Civ. P. 72(b)(1). This Court must conduct a *de novo* review of any part of the recommended "disposition that has been properly objected to. The [Court] may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the [M]agistrate [J]udge with instructions." Fed. R. Civ. P. 72(b)(3) (emphasis added).

II. **ANALYSIS**

In his Objections, Plaintiff concedes that Judge Langer, Henne, Abshire and Michener are immune from suit. Doc. #4, PAGEID #21. In light of Plaintiff's concession and the Magistrate Judge's well-reasoned analysis on the issue absolute immunity, Doc. #3, PAGEID #17, Plaintiff's claims against Judge Langer, Henne, Abshire and Michener

3

must be dismissed with prejudice. While Plaintiff objects to this Court's use of Ohio's statute of limitations for malicious prosecution and false imprisonment for Plaintiff's claims arising under 42 U.S.C. § 1983, Doc. #4, PAGEID #21 (citing Ohio Rev. Code § 2305.11(A)), U.S. Supreme Court and Sixth Circuit precedent compel the Court to use that statute. *Browning*, 869 F.2d at 991 (citing *Owens v. Okure*, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989)). Plaintiff does not dispute the Magistrate Judge's conclusion that his causes of action against all Defendants, including Lachman, accrued no later than his date of sentencing, September 1, 2010. Doc. #3, PAGEID #16. Nor could he reasonably so argue. Thus, Plaintiff's claims against all Defendants, including Lachman, must be dismissed with prejudice as barred by the statute of limitations.[2]

III. **CONCLUSION**

Based upon the foregoing reasons, the Court ADOPTS IN FULL the Report and Recommendations of the Magistrate Judge, Doc. #3, and OVERRULES Plaintiff's Objections to said judicial filing. Doc. #4. Plaintiff's Complaint, Doc. #2, is DISMISSED WITH PREJUDICE. Judgment shall enter in favor of Defendants and against Plaintiff.

---

[2] Plaintiff argues that his petition should not have been subject to *sua sponte* review, because he is not a "prisoner" as that term is defined in the statute. Doc. #4, PAGEID #20 (citing 28 U.S.C. § 1915(e)(2), (h)). "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is . . . convicted of, . . . violations of criminal law." 28 U.S.C. § 1915(h). In his Objections, Plaintiff provides his inmate number, and lists his mailing address as the Marion, Ohio, Correctional Institution. Doc. #4, PAGEID #21. Accordingly, Plaintiff's objection is overruled.

4

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 15, 2018

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT